OPINION
{¶ 1} Defendant-appellant Robert C. Bibb ("Bibb") brings this appeal from the judgment of the Municipal Court of Tiffin finding him guilty of driving while under the influence of alcohol.
 {¶ 2} On September 20, 2001, Bibb was driving his vehicle westbound on State Route 18. Ohio State Trooper James Young ("Young") received a report of an erratic driver. The description of the vehicle received by Young matched that of Bibb's vehicle. Young then stopped Bibb and subsequently arrested him for operating a motor vehicle while under the influence of alcohol, violating R.C. 4511.19(A)(1), and for operating a vehicle left of center, violating R.C. 4511.25. Bibb entered a plea of not guilty to the charges on September 24, 2001. A trial was held on October 17, 2002, and resulted in a jury verdict of guilty. It is from this judgment that Bibb appeals.
 {¶ 3} Bibb raises the following assignments of error.
In a plain error denial of a fair jury trial and of due process of law, under the Sixth, Fifth, and Fourteenth Amendments to the United States Constitution and under Crim.R. 52(B), the trial court committed said plain error by asking the prospective jurors, in voir dire, if they could be fair and unbiased toward someone who drinks alcoholic beverages, thereby leaving the prejudicial impression, in a trial on a driving under the influence of alcohol charge, that [Bibb] drinks alcohol.
In an improper closing argument, in violation of the Fifth Amendment privilege against self-incrimination, applicable to the states through the due process clause of the Fourteenth Amendment to the United States Constitution, the prosecutor alluded to the fact that [Bibb] did not testify, which can be reasonably ascertained from said closing argument, thereby resulting in plain error under Crim.R. 52(B).
The trial court reversibly erred when it denied [Bibb's] motion for acquittal under Crim.R. 29(A), as the evidence in the State's case was insufficient to sustain a conviction for the charged offense.
The jury verdict, with the trial court's acceptance of same, was against the manifest weight of the evidence, thereby resulting in reversible error.
 {¶ 4} In the first assignment of error, Bibb claims that the trial court committed plain error by asking the jurors, during voir dire, if they could be fair and unbiased toward a person who drinks alcohol. Bibb claims that this implied that he was drinking alcohol the night of the offense. In order to find plain error, the error must be such that but for the error, the outcome of the trial would have been different. Statev. Braden, 98 Ohio St.3d 354, 2003-Ohio 1325, 785 N.E.2d 439. Here, there is nothing in the record to indicate that the result would have been any different had the trial court not asked this question. To the contrary, the record indicates that two potential jurors were excused because they were biased against anyone who consumes alcohol. The question seems to have been more beneficial to Bibb than harmful. Thus, the first assignment of error is overruled.
 {¶ 5} In the second assignment of error, Bibb claims that the prosecutor commented on the fact that he did not testify. During closing argument, counsel for Bibb made the following statements.
Before you find somebody guilty you want to make sure that all the I's are dotted, all the T's are crossed, don't you? Okay. So now that was just one thing, excuse one thing. (sic) But remember on this date this person in our jurisdiction operated a vehicle while under the influence of alcohol. What alcohol? Who said he had any alcohol? Trooper said he smelled an odor of alcoholic beverage. He didn't say he was drinking any alcohol. What kind of alcohol what (sic) what was it? Beer? Wine? Whiskey? We don't know that and they've got to prove, they've got to prove that he ingested alcohol, ethyl alcohol. Also the proof of it. The proof of it is in odor. You want to convict him of odor of alcohol?
Tr. 116-17. In response to these statements, the prosecutor made the following statements.
There's been no testimony as to what alcoholic beverage the Defendant drank and there isn't going to be but there doesn't have to be either. You have enough when the Defendant's told that he's arrested for DUI. He doesn't deny that there's been alcoholic beverages been (sic) consumed. When he's asked how much he's had to drink he said too much and I shouldn't even be on the road. The State would have to agree with that.
Tr. 123. No objection was made to these statements. When these statements of the prosecutor are taken into context with other statements made during closing argument by Bibb, they are not prejudicial. The statements were not intended to comment on Bibb's choice not to take the stand. The only comments made on that issue were made by Bibb's counsel. Instead, the comments were made to rebut the statements by Bibb's counsel that the State had failed to identify the alcoholic beverage allegedly consumed. The second assignment of error is overruled.
 {¶ 6} Next, Bibb claims that the trial court erred in overruling his motion for acquittal. The court, either upon motion of a defendant or sua sponte, after the evidence on either side is closed shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. Crim.R. 29. A denial of a motion for acquittal based on the sufficiency of the evidence will be upheld if after viewing the evidence in a light most favorable to the state, the reviewing court finds that any rational factfinder could have found the essential elements of the charge proven beyond a reasonable doubt. State v. Dennis (1997), 79 Ohio St.3d 421, 683 N.E.2d 1096.
 {¶ 7} Here, Young testified that he observed Bibb driving four to five feet in the left hand lane for approximately 50 to 100 feet. Tr. 72. Young also testified that he observed Bibb driving completely in the left hand lane for approximately 200 feet as he prepared to turn left. Tr. 73. After Young had stopped Bibb, Young testified that Bibb had trouble exiting his vehicle, leaned against the side of the car, failed to come to the front of the car when asked to do so, and was not capable of finding his driver's license. Tr. 75-76. While questioning Bibb, Young noticed a strong odor of an alcoholic beverage and glassy eyes. Tr. 76. Young testified that Bibb seemed incapable of carrying on a normal conversation. Tr. 77. Finally, Young testified that when Bibb was asked if he had been drinking, he responded "too much" and that he should not be driving. Id. Viewing this testimony in a light most favorable to the state, a reasonable trier of fact could conclude that Bibb was guilty of the charges. The third assignment of error is overruled.
 {¶ 8} Finally, Bibb claims that his conviction was against the manifest weight of the evidence.
Weight of the evidence concerns "the inclination of the greater amountof credible evidence, offered in a trial, to support one side of theissue rather than the other. It indicates clearly to the jury that theparty having the burden of proof will be entitled to their verdict, if, onweighing the evidence in their minds, they shall find the greater amountof credible evidence sustains the issue which is to be established beforethem. Weight is not a question of mathematics, but depends on its effectin inducing belief.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541.
 {¶ 9} In support of his argument, Bibb claims that the State failed to show that his driving ability was impaired because no tests were done. Although Young chose not to conduct field sobriety tests, a breath test was attempted at the station. Due to the poor health of Bibb[1], the police were unable to get any results from this attempt. While it would be beneficial to the State to have test results, they are not required. At trial, the jury heard the testimony of Young and observed the behavior of Bibb via videotape. This evidence, as well as the statement purportedly made by Bibb that he had consumed too much alcohol was sufficient to support a verdict of guilty. Thus, the fourth assignment of error is overruled.
 {¶ 10} The judgment of the Municipal Court of Tiffin is affirmed.
Judgment affirmed.
 WALTERS and CUPP, JJ., concur.
[1] Bibb collapsed while the police were attempting to administer a breath test. Bibb was then taken by ambulance to the emergency room for treatment.